# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH LEONARD,** on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | CASE NO. 2:25-cv-716 |
| v. | : : | JUDGE |
| **WINN WINN LLC,** 1212 W. 3rd Avenue Columbus, Ohio 43212 | : : : : | MAGISTRATE JUDGE **JURY DEMAND ENDORSED HEREON** |
| -and- | : : | |
| **AUDREY PLANT,** 1212 W. 3rd Avenue Columbus, Ohio 43212 | : : : : | |
| -and- | : : | |
| **NATALIE DISABATO ROTHSCHILD,** 1212 W. 3rd Avenue Columbus, Ohio 43212 | : : : : : | |
| Defendants. | : : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Joseph Leonard ("Leonard," "Named Plaintiff," or "Plaintiff"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Complaint against Winn Winn LLC ("Winn Winn"), Audrey Plant ("Plant"), and Natalie Disabato Rothschild ("Rothschild") (collectively "Winn Winn" or "Defendants") for their failure to pay employees overtime wages and/or improperly withholding their tips seeking all

available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. THE PARTIES

### A. Plaintiff

4. Leonard is an individual, United States citizen, and resident of the State of Ohio.

5. At all times relevant herein, Leonard was employed by Defendants as a non-exempt barista beginning May 2024 through approximately April of 2025.

6. As a barista, Leonard provided customers service at Winn Winn's coffee and pastry café located at 1212 W. 3rd Avenue, Columbus, Ohio 43212.

7. Leonard brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Leonard's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**B. Defendants**

8. Defendant Winn Winn LLC is a domestic limited liability company doing business in the southern District of Ohio operating as Winn Winn Café.

9. Defendant Audrey Plant ("Plant") is an individual, and a resident of the State of Ohio.

10. Upon information and belief, Defendant Plant is believed to be an owner of Defendant Winn Winn along with Defendant Rothschild.

11. Defendant Natalie Disabato Rothschild ("Rothschild") is an individual, and a resident of the State of Ohio.

12. Upon information and belief, Defendant Rothschild is believed to be an owner of Defendant Winn Winn along with Defendant Plant.

13. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

14. During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and

enforcement of policies affecting the payment of wages, including overtime compensation and/or the payment or withholding of tips.

15. During relevant times, Defendants have mutually benefitted from the work performed by Plaintiff and those similarly situated.

16. During relevant times, Defendants did not act independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

17. During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

18. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly situated.

19. During relevant times, Defendants are and have been jointly involved in the operational decisions of each other.

20. During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage / hour and tip policies and practices that affect Plaintiff and all other similarly situated employees.

21. Upon information and belief, Defendants jointly operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

22. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage, tips, and overtime payment laws of the United States and of the State of Ohio, as well as recordkeeping laws of the State of Ohio.

23. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

### III. STATEMENT OF FACTS

24. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the Ohio Acts with respect to Plaintiff and other similarly situated employees, including tipped employees such as baristas, cashiers, food runners, and front of the house staff. This policy and pattern or practice includes, but is not limited to: (1) willfully taking Plaintiff and other similarly situated tipped employees' cash tips, in whole or in part; (2) willfully taking Plaintiff and other similarly situated tipped employees' cashless tips, in whole or in part.

25. Defendants initially paid Plaintiff and other similarly situated non-exempt employees, including tipped employees, some customer tips received by Winn Winn in addition to the employees' hourly rates.

26. By way of example, on July 5, 2024, Plaintiff was paid his hourly rate of $15 per hour and $60 in tips for the pay period of June 17, 2024 through June 30, 2024.

27. On July 19, 2024, Plaintiff was paid his hourly rate of $15 per hour and $95 in tips for the pay period of July 1, 2024 through July 14, 2024.

28. Upon information and belief, however, Defendants unlawfully failed to distribute all tips to Plaintiff and other similarly situated non-exempt employees, including tipped employees, for these pay periods, or the pay periods that preceded them and that followed.

29. Although Plaintiff and many of the other similarly situated employees were "tipped employees" as defined in the FLSA, Defendants unlawfully converted and withheld the tipped employees' tips, including both cash and cashless.

30. The tips that Winn Winn withheld from Plaintiff and other similarly situated employees were property of Defendants' employees and not Defendants under FLSA or the Ohio Acts.

31. Winn Winn's point of sale ("POS") screen clearly displays an option to customers after payment to "Add a Tip".

32. Winn Winn Customers are then provided options of $1, $2, $3, custom tip, or no tip.

33. Winn Winn Customers regularly left Plaintiff and other similarly situated tipped employees cashless tips through the POS system as described above.

34. Defendants, however, would not distribute all customer tips to Plaintiff and other similarly situated tipped employees as required by the FSLA and instead unlawfully converted and withheld the tipped employees' tips for themselves, including both cash and cashless.

35. Winn Winn's handbook states employees "in the following job classes are eligible to participate in tip pooling arrangements under this policy: front-of-house team members. Tip distribution will be based upon the number of hours worked in each pay period (a week defined as Sunday through Saturday). No supervisor or manager is eligible to receive any share in the tip pool."

36. The handbook further provides that "It is the policy of Winn Winn to comply with federal and state tax laws requiring all tips/gratuities to be reported…If any provision of this policy conflicts with either federal or state law, the employee will be paid in accordance with the most generous applicable law."

37. Despite the foregoing policy which expressly states that Winn Winn would comply with federal and state law on tips / tip pooling agreements and that acknowledges no supervisor or manager is eligible to retain any tips or share in any tip pool under federal law, Defendants nonetheless improperly retained most, if not all, tips paid by Winn Winn customers intended for Plaintiff and other similarly situated tipped employees.

38. Defendants' POS displays did not disclose to customers that Winn Winn's owners, Defendants Rothschild and Plant, were retaining Winn Winn's customer tips for themselves and/or for Defendant Winn Winn.

39. On one occasion, Plaintiff questioned Defendant Rothschild about why he was not receiving customer tips. Defendant Rothschild responded that none of hourly, non-exempt tipped employees were receiving tips because Defendants were using the tips for business expenses.

40. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

41. Defendants applied the same pay practices and policies to all non-exempt tipped employees, including Plaintiff.

42. Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of Defendants' unlawful conversion of their tips.

43. Defendants knew or should have been aware that Plaintiff and other similarly situated employees earned tips which Winn Winn withheld from their tipped employees, but they willfully elected not to fully compensate their employees during all times relevant.

## IV. COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A. FLSA Collective Action for Converted Tips and Unpaid Overtime Wages.

44. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class:

> All current and former tipped employees of Defendants beginning three years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case ("FLSA Collective" or the "FLSA Collective Members.").

45. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for converted tips in violation of the FLSA, liquidated damages, and attorneys' fees.

46. In addition to Plaintiff, the putative FLSA Collective Members have been denied their property in the form of tips earned, but unlawfully withheld, due to Defendants' company-wide payroll policies and practices. Defendants failed to meet the minimum requirements of the FLSA. Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

47. The identity of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for converted tips, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

48. The net effect of Defendants' policies and practices is that Defendants willfully failed to pay Plaintiff and FLSA Collective Members tips earned. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and FLSA Collective Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

49. Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated as follows:

> a. All current and former tipped employees of Defendants beginning two years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case ("Ohio Rule 23 Class," or the "Ohio Rule 23 Class Members.").

50. During relevant times, Plaintiff and those Ohio Rule 23 Class Members were not paid all tips earned because of Defendants' policies and practices.

51. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

52. Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid tips are typical of the claims of other members of the Ohio Rule 23 Class.

53. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

54. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

55. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

56. Questions of law and fact are common to the Ohio Rule 23 Class.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Ohio Rule 23 Class as a whole.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

60. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members tips earned but withheld; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid / wrongfully withheld tips is due to the Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; (d) whether Defendants failed to keep accurate records as required under the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the tips or other compensation which was withheld or not paid to them.

61. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by

individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR WITHHELD TIPS)

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the FLSA Collective.

64. During the relevant time period, Defendants employed the Named Plaintiff and the FLSA Collective as tipped employees.

65. Named Plaintiff and the FLSA Collective received tips from customers for their service.

66. The FLSA provides that tips are the property of the tipped employee whether or not the employer has taken a tip credit. *See* 29 C.F.R. § 10.28(c); 29 C.F.R. § 531.52.

67. Although Named Plaintiff and the FLSA Collective received tips, Defendants improperly withheld or converted such tips for Defendants' own use.

68. Named Plaintiff and the FLSA Collective should have received all tips earned.

69. Defendants violated the FLSA with respect to Named Plaintiff and FLSA Collective by failing to pay them all tips earned and instead withholding or converting tips.

70. Defendants knew or should have known the requirements of the FLSA. Defendants willfully failed to pay the tip compensation to which Named Plaintiff and the FLSA Collective are entitled.

71. The exact total amount of tip compensation that Defendants failed to pay the Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

72. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the FLSA Collective have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid tips and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the FLSA Collective.

## COUNT II

### (RULE 23 CLASS ACTION FOR WITHHELD TIPS)

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

75. Plaintiff and the Ohio Rule 23 Class have been employed by Defendants, and Defendants are covered by the requirements under the Ohio Wage Act.

76. Plaintiff and the Ohio Rule 23 Class received tips that were withheld or otherwise improperly converted by Defendants.

77. Defendants' company-wide corporate policy and/or practice of not properly paying their tipped employees earned tips resulted in unpaid wages for the Named Plaintiff and Ohio Rule 23 Class.

78. Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of the Ohio Wage Act.

79. For Defendants' violations, the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly

situated Ohioans seek unpaid tips, liquidated damages, interest and attorneys' fees, and all other remedies available.

### COUNT III
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

82. During relevant times, Defendants were covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

83. The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid tips, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

84. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including tips within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

85. The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

86. The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

87. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the FLSA Collective pray for an Order as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. A declaratory judgment that Defendants' payroll policy or practice of not paying tips to Named Plaintiff and the FLSA Collective as described herein violates the FLSA;

D. Judgment against Defendants for damages for all unpaid tips owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E. Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid tips owed to Named Plaintiff and the FLSA Collective during the applicable statutory period;

F. Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment for all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II,** and **III**, Named Plaintiff requests judgment against Defendants for violations of the Ohio Wage Act and the OPPA, and for an Order:

J.  Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including tips as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

K.  Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L.  Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

M.  Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period; and

N.  Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts.

Respectfully submitted,

*/s/ Peter Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff and
those similarly situated*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

>  */s/ Peter Contreras*
>  Peter Contreras (0087530)